FILED
2007 Aug-23  AM 09:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| W. EARL RICHARDS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  CV 07-B-0675-S |
| KENWORTH OF BIRMINGHAM, INC., | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

This case is presently pending before the court on plaintiff's Motion to Dismiss Defendant's Counterclaim Under F.R.C.P. Rule 12(6). (Doc. 10.) Plaintiff W. Earl Richards has sued his former tenant, Kenworth of Birmingham, Inc., for damages to his property. In its Answer and Counterclaim, defendant asks the court to enjoin plaintiff from interfering with its efforts to remediate any environmental damage caused to plaintiff's land during defendant's tenancy. Plaintiff has moved to dismiss defendant's counterclaim. Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that plaintiff's Motion to Dismiss, (doc. 10), is due to be granted.

Defendant asks the court to enjoin plaintiff from interfering with its clean-up and remediation of environmental damage to plaintiff's land during defendant's tenancy. According to defendant, plaintiff has prohibited it from entering his property for purposes

of the clean-up until defendant agrees to settle plaintiff's claims for damages and attorneys' fees. Defendant contends:

> [Defendant] has, at all times material hereto, been ready, willing and able to complete its on site testing, the ADEM application process, the final development of a remediation plan to be approved by ADEM, the remediation and cleanup of the property under that approved plan, subject to the final approval of ADEM and under the general oversight of [Plaintiff's] expert, Bhate.
>
> But for [plaintiff's] interference with [defendant's] efforts to remediate any contamination it had caused, the property would, by the filing of this Counterclaim, have been permitted by ADEM, remediated and free of any pollutants caused by [defendant], and [plaintiff's Complaint] under RCRA [Resource Conservation and Recovery Act] would not have been necessary.
>
> [Defendant] has no adequate remedy at law in that[,] unless [plaintiff] is restrained and enjoined by this Court from interfering with the cleanup and remediation process, [defendant] cannot fulfill any duty that it has under RCRA, and it and its agents, servants and employees, remain potentially criminally liable for attempting to do so.

(Doc. 3 at 19.) Defendant's Counterclaim does not state a claim that would entitle it to an injunction requiring plaintiff to grant defendant access to his property. However, the Counterclaim does state an affirmative defense of failure to mitigate.

Rule 8(c), Fed. R. Civ. P., states, "In pleading to a preceding pleading, a party shall set forth affirmatively . . . any . . . matter constituting an avoidance or affirmative defense."

> Most federal courts . . . regard the failure to mitigate as an affirmative defense under Rule 8(c)'s catchall clause which provides for "any other matter constituting an avoidance or affirmative defense." *See Conjugal Partnership v. Conjugal Partnership*, 22 F.3d 391, 400 (1st Cir. 1994)("Failure to mitigate is an affirmative defense as a matter of federal procedural law. . . ."); *Lennon v. United States Theatre Corp.*, 920 F.2d 996, 1000 (D.C. Cir. 1990)("[F]ailure to mitigate damages is an affirmative defense under Rule 8(c)."); *Sayre v.*

2

> *Musicland Group, Inc.*, 850 F.2d 350, 354 (8th Cir. 1988)(same). This circuit has held that the "failure to mitigate damages . . . is an affirmative defense." *NLRB v. Pilot Freight Carriers, Inc.*, 604 F.2d 375, 376 (5th Cir. 1979).

*Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1286 (11th Cir. 2000).

The court finds that defendant has not stated a claim against plaintiff based on plaintiff's refusal to allow defendant to enter his property without first agreeing to settle plaintiff's claims. As the owner of property, plaintiff can refuse defendant's request to enter his property, and defendant's Counterclaim does not state that it has a right to enter plaintiff's land over his objection. However, assuming its allegations are true, defendant has offered to remediate and clean-up any damage it caused to plaintiff's property; plaintiff's refusal to allow defendant to entry for such purposes could constitute a failure to mitigate damages by plaintiff. Plaintiff's actions may very well reduce or eliminate the damages he seeks in this action; nevertheless, his refusal to allow defendant to enter his land does not give rise to a separate cause of action in favor of defendant.

Rule 8(c) states, "When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation." Fed. R. Civ. P. 8(c). At this stage of the litigation, the court finds no reason to treat defendant's Counterclaim as if it were a properly alleged affirmative defense. The counterclaim will be dismissed and the court will order defendant to file an Amended Answer, setting forth, if it so chooses, the affirmative defense of failure to mitigate damages.

## **CONCLUSION**

For the foregoing reasons, the court is of the opinion that plaintiff's Motion to Dismiss Defendant's Counterclaim Under Fed. R. Civ. P. 12(b)(6), (doc. 10), is due to be granted and defendant's counterclaim is due to be dismissed, with leave to refile counterclaim as an affirmative defense. An Order granting plaintiff's Motion to Dismiss will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this the 22nd day of August, 2007.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE